UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY TOMASELLO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00334-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 18) |

## **INTRODUCTION**

Plaintiff Shirley Tomasello ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs,[1] which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

Having considered the briefing and record in this matter, the Court finds the decision of

---

[1] On July 24, 2025, the Court received a two-page submission from Plaintiff summarizing her medical symptoms, diagnoses, medical procedures, and stating that: "I feel the prior Judge did not look thoroughly with all that medically happened to me. My case should be re-evaluated for all its contents." (Doc. 18 at 2.) In light of the contents of Plaintiff's submission, the Court liberally construed the document as Plaintiff's motion for summary judgment.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. 11.)

1  the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a
2  whole and based upon proper legal standards, affirms the Commissioner's denial of benefits, and
3  enters judgment in favor of the Commissioner.

## FACTS AND PRIOR PROCEEDINGS

On May 18, 2020, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on May 4, 2020.  (AR 360.)[3]  Plaintiff asserted that she became disabled due to vertigo.  (AR 406.)  Elsewhere in the record and in her hearing testimony, Plaintiff provides that she was diagnosed with transient ischemic attack, that she tires easily, cannot walk long distances, deals with dizziness and headaches, experiences frequent urination, and struggles with sleep disturbances.  (AR 416, 454-55, 486.)  Plaintiff also asserts that she experiences whole-body aches and foot pain due to psoriatic arthritis.  (AR 469-71, 475.)

Plaintiff's claim was denied initially and on reconsideration.  (AR 212-15, 219-23.)  Plaintiff then requested a hearing before an ALJ.  (AR 225.)  On April 29, 2021, ALJ Nicolas R. Foster held a hearing.  (AR 72-109.)  Plaintiff was represented by an attorney and impartial vocational expert ("VE") Robert Jackson testified.  In a decision dated June 30, 2021, ALJ Foster found that Plaintiff was not disabled.  (AR 187-94.)  Plaintiff requested a review of the ALJ's decision.  (AR 260.)  On March 4, 2022, the Appeals Council reviewed the ALJ's decision and remanded the case for further administrative proceedings, instructing the ALJ to obtain additional evidence concerning Plaintiff's impairments, further evaluate Plaintiff's alleged symptoms and provide appropriate rationale, evaluate the severity of Plaintiff's transient ischemic attack, give further consideration of Plaintiff's residual functional capacity ("RFC") and provide appropriate rationale, and obtain supplemental evidence from a VE if warranted by the expanded record.  (AR 200-02.)

On June 10, 2024, ALJ Scot Septer held a second hearing in accordance with the Appeals Council's order.  (AR 110-153.)  All participants attended the hearing by telephone.  Plaintiff was

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.  References to the parties' briefs will refer to the stamped number at the top of each page.

2

represented by counsel. Joseph R. Gaeta, MD, an impartial medical expert, and Linda M. Ferra, an impartial VE, both appeared and testified at the hearing. In a decision dated July 12, 2024, the ALJ found that Plaintiff was not disabled from May 4, 2020, her alleged onset of disability date, through the date of the decision. (AR 15-31.) Plaintiff requested a review of the ALJ's decision, and the Appeals Council denied Plaintiff's request. (AR 1-5.) This appeal followed.

**Hearing Testimony**

The relevant hearing testimony was reviewed by the Court and will be referenced below as necessary to the Court's decision.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to the Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ's July 12, 2024 decision determined that Plaintiff was not disabled under the Social Security Act. Specifically, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2023. (AR 20.) Next, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of May 4, 2020 through her date last insured of December 31, 2023. (*Id.*) The ALJ determined that through the date last insured, the claimant had the following severe impairment: vertigo. (*Id.*) The ALJ further determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (AR 21.)

Based on a review of the entire record, the ALJ found that Plaintiff, through the date last insured, had the RFC to perform medium work as defined in 20 CFR 404.1567(c) except the Plaintiff can occasionally climb ramps and stairs, and never climb ladders, ropes or scaffolds. (AR 21.) The Plaintiff should not work in environments subjecting her to concentrated exposure to extreme warm temperatures, or which would expose her to unprotected heights or machinery with dangerous, moving mechanical parts. (*Id.*) At the fourth step, the ALJ found that Plaintiff

1  had no past relevant work. (AR 30.)  At the fifth step, the ALJ further found that Plaintiff is in
2  the age category for claimants closely approaching retirement age, has at least a high school
3  education, and does not have past relevant work. (AR 30.)  The ALJ determined that there were
4  jobs that existed in significant numbers in the national economy that Plaintiff could have
5  performed. (*Id*.)  The ALJ accordingly concluded that Plaintiff was not under a disability at any
6  time from May 4, 2020, the alleged onset date, through December 31, 2023, the date last insured.
7  (AR 31.)

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal citation quotation marks omitted).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage

in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[4]

Liberally construed, Plaintiff's briefing asserts, in pertinent part, that Plaintiff was denied disability benefits after her hearing before an ALJ on June 10, 2024. (Doc. 18.) In her brief, Plaintiff summarizes her medical symptoms, medical procedures, and diagnoses of vertigo, transient ischemic attack, psoriatic arthritis, and "problems with my feet." (*Id.* at 1-2.) Plaintiff provides that she "still ha[s] problems today" with her feet. (*Id.* at 2.) In terms of specific arguments, Plaintiff's brief only provides that: "I feel the prior Judge did not look thoroughly with all that medically happened to me. My case should be re-evaluated for all its contents." (*Id.*)[5]

The Court finds that the ALJ's decision is supported by substantial evidence and free from

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[5] Plaintiff's complaint provides additional arguments relating to why the Court should overturn the Commissioner's decision. (Doc. 1.) On the complaint form, Plaintiff writes that she "disagree[s] with the decision" because "[t]hey took words out of context throughout my hearing," "[t]hey had put what I could do in past years as if present," and "[m]y last school job I was substitute. COVID happened. No more job for me. Then all medical issues happened." (Doc. 1 at 4.) Liberally construed, the Court takes this as an argument that the ALJ generally erred in making his decision. However, a district court may not supply legal theories to a *pro se* applicant, "conjure up questions not squarely presented" by a *pro se* party's submission, or "guess at the nature of the claim asserted." *Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 422 (C.D. Cal. 2016) (internal quotation marks and citations omitted).

5

legal error. Accordingly, a remand or reversal is not warranted here.

**A. The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

First, in evaluating Plaintiff's RFC, the ALJ relied in part on several medical opinions regarding Plaintiff's physical and mental abilities.

The ALJ relied on the medical opinion provided by State agency medical consultant, M. Gleason, M.D., dated July 2020, which found severe disorder of the nervous system and non-severe hypertension and migraine, and opined that Plaintiff had no exertional limitations and could occasionally climb ladders, ropes, or scaffolds and avoid concentrated exposure to hazards. (AR 27, 157-62.) In a November 2020 report, psychological consultant H. Amado, M.D. found no medically determinable mental impairments. (AR 27, 174-75.) In a November 2020 report, medical consultant A. Rugama, M.D. opined that Plaintiff could perform a medium range of work with occasional climbing ladders, ropes, or scaffolds and should avoid concentrated exposure to hazards. (AR 27, 176-82.) The ALJ found these opinions "somewhat persuasive," noting the opinions were "mostly consistent with and supported by the claimant's symptoms and the mostly conservative treatment indicated in the record," and adopted the limitation to medium work to accommodate Plaintiff's complaints of joint pain. (AR 27.) The ALJ stated that "the overall record does not contain objective findings to warrant greater limitation or severe impairments beyond vertigo." (*Id.*)

The ALJ further relied on the consultative examination of Steven Stolz, M.D., dated May 5, 2022, which diagnosed vertigo, hypertension, hyperlipidemia, and bilateral feet pain. (AR 28, 811-22.) Dr. Stolz opined that the claimant could sit for four hours at one time, stand/walk for two hours for a total of eight hours sitting and four hours standing/walking. (AR 818.) Dr. Stolz further opined that Plaintiff did not require a cane to ambulate, could lift and carry up to ten pounds frequently and up to fifty pounds occasionally, use her hands and feet frequently, and frequently perform all activities. (AR 28, 811-22.) The ALJ found Dr. Stolz's opinion and report to be "of limited persuasion," noting that the opinion is "founded upon a single examination of the claimant," lacks a "longitudinal perspective," and is not fully consistent with the overall record, including Plaintiff's self-reports of her own activity level. (AR 28.)

The ALJ also relied on the testimony of medical expert Dr. Gaeta at the hearing. (AR 117-129.) Dr. Gaeta reviewed the record and testified that he did not find a diagnosis of either psoriatic arthritis, transient ischemic attack, or limitations related to urinary incontinence or headaches to be established. (AR 29, 119, 122-25, 128-29.) Dr. Gaeta testified that Plaintiff's diagnosis of vertigo was established with dizzy spells, but opined that it was difficult to determine how often the spells occurred or how severe they were. (AR 29, 120.) Dr. Gaeta opined that Plaintiff should not climb ladders or scaffolds or be around unprotected heights or dangerous machinery. (AR 29, 123.) Dr. Gaeta did not find reason in the record to limit Plaintiff in standing or walking. (AR 123.) The ALJ found Dr. Gaeta's testimony to be persuasive and supported by the overall record, conservative treatment of all conditions, and Plaintiff's limited recent follow up for neurological complaints. (AR 29-30.)

The ALJ did not find the medical opinions or source statements of Zafar Parvez, M.D. (AR 730-34)[6], and Conrad J. Rios, F.N.P. (AR 823-29)[7], to be persuasive, noting that Dr. Parvez's opinion is "largely inconclusive and of limited relevant in evaluating the claim," and that Mr. Rios's opinion includes "significant impairments, which are not supported by the evidentiary record" or Plaintiff's treatment history. (AR 27-29.) The ALJ did not find the application for a disabled person placard from February 2021 to be persuasive with regard to Plaintiff's functional ability. (AR 27-28.) The ALJ did not find letters written on Plaintiff's behalf by Dwayne Martin, dated February 2021 and March 2024 (AR 512-15), to be fully persuasive as the limitations in activities and functioning contained within were not fully consistent with or supported by the overall record. (AR 30.)

---

[6] Dr. Parvez's Physical Residual Functional Capacity Questionnaire provides little helpful information, answering the majority of questions with "don't know," "no comments," "not sure," or "hard to say." (AR 730-34.) As the ALJ points out, Dr. Parvez ultimately does not provide an opinion on Plaintiff's impairments, noting that he "can't give opinion" because "she is seeing neurologist next month." (AR 27, 730.)

[7] Mr. Rios' Physical Medical Source Statement opines that Plaintiff can only walk half a city block without rest or severe pain, can only sit thirty minutes before needing to get up, can only stand twenty minutes at one time before needing to sit down or walk around, must walk fifteen times for five minutes each during an eight-hour work day, should have her legs elevated at hip-level for 50% of the working day, and is incapable of even "low stress" work. (AR 826-28.)

The Court disagrees with Plaintiff's contention that the ALJ did not appropriately evaluate the record as a whole. (Doc. 18 at 2.) "In interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation omitted). The ALJ's decision recognizes that Plaintiff has some work limitations, however, the ALJ weighs the relevant evidence appropriately and discredits limitations that are inconsistent with the objective medical evidence. *See Schuler v. Saul*, No. 1:18-CV-0884-BAM, 2020 WL 2744577, at *14 (E.D. Cal. May 27, 2020) (relying on similar reasoning). Accordingly, the ALJ's analysis of the record applies the proper legal standards and are supported by substantial evidence. *Sanchez*, 812 F.2d at 510.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Subjective Complaints

Second, to the extent that the ALJ discounted Plaintiff's subjective symptom testimony, he gave several clear and convincing reasons for doing so based on the totality of the record, including objective evidence, medical reports, and expert testimony.

The ALJ summarized Plaintiff's testimony regarding the persistence, intensity, frequency, and limiting effects of her symptoms. (AR 22-23.) The ALJ then detailed the specific medical evidence in the record—including imaging results, medical evaluations, self-reports of improvement, and conservative treatment history—that did not support that testimony. (AR 23-27.) What's more, the ALJ credited Plaintiff's subjective complaints considerably by "adopt[ing] the limitation to medium work prophylactically, given the claimant's complaints of joint pain" despite the fact that "the overall record does not contain objective findings to warrant greater limitation or severe impairments beyond vertigo." (AR 27.) Elsewhere, the ALJ again notes that he included a limitation to medium work "in light of claimant's subjective complaints" despite it being "difficult to establish the record continuing to support significant limitations." (AR 29.) *See Duncan v. Astrue*, No. 1:10-CV-2143 BAM, 2012 WL 4433523, at *5 (E.D. Cal. Sept. 24, 2012) (affirming ALJ's decision where ALJ credited the plaintiff's testimony in formulating the RFC even in the absence of affirmative objective medical evidence). In light of the ALJ's extensive discussion and comparison of the relevant record evidence and testimony, the ALJ did not err in his determination. *See Schuler*, 2020 WL 2744577, at *12 (finding same).

**C. The ALJ Did Not Err in Formulating the RFC**

Third, substantial evidence supports the ALJ's non-disability determination at step five. At the June 10, 2024 hearing, the ALJ posed a hypothetical question to the VE, inquiring into whether an individual with all of the limitations contained in the ALJ's RFC assessment for Plaintiff could perform Plaintiff's past work or other jobs in the national economy. (AR 150.) In response, the VE testified that a claimant with the stated limitations could still perform Plaintiff's past work, as well as other jobs including dining room attendant (DOT 311.677-018), kitchen helper (DOT 318.687-010), and hand packager (DOT 920.587-018). (*Id.*) Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination that Plaintiff could perform such jobs. *Flores v. Colvin*, No. 1:14-CV-01005-DAD-BAM, 2016 WL 8673041, 2016 WL 8673041, at *3 (E.D. Cal. July 22, 2016).

**D. Plaintiff Does Not Show That Reversal or Remand is Warranted on Any Other Basis**

Finally, while Plaintiff vaguely references the ALJ's denial of her request for benefits, Plaintiff fails to identify any errors in the ALJ's findings or otherwise demonstrate why the ALJ's conclusion was in error. The Court therefore cannot conclude that a reversal or remand is warranted in this case since Plaintiff fails to show that the ALJ's non-disability decision was not supported by substantial evidence or was based on legal error. *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006) (internal citation omitted); *Flores*, 2016 WL 8673041, at *2 (holding same).

With regard to Plaintiff's general assertion that "the prior Judge did not look thoroughly with all that medically happened to me" and that Plaintiff's case "should be re-evaluated for all its contents," (Doc. 18 at 2), a claim of error based on conclusory pleading does not warrant a remand or reversal. *Flores*, 2016 WL 8673041, at *3 (citing *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)); *Aker v. Astrue*, No. EDCV 11-1374 JC, 2012 WL 1605103, at *6 (C.D. Cal. May 8, 2012) (general allegations of error do not merit relief). Even so, the ALJ in fact reviewed the totality of the record; all the medical records, all doctor opinions, and Plaintiff's subjective complaints.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for summary judgment and her appeal from the administrative decision of the Commissioner of Social Security (Doc. 18) are DENIED;

2. The Commissioner's request to affirm the agency's determination to deny benefits (Doc. 20) is GRANTED; and

3. The Clerk of Court is directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Shirley Tomasello, and to close this case.

IT IS SO ORDERED.

Dated:   **December 18, 2025**          /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE